# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Dustin Sinyard, | Case No. 2:25-cv-00055-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Noah Jensen, et al., | |
| Defendants. | |

This is a civil rights action in which pro se inmate Plaintiff Dustin Sinyard sues Las Vegas Metropolitan Police Department detective Alexander Szukiewicz and officers Benjamin Davis, Seth Acda, Noah Jensen, and Sid Acosta. In screening Plaintiff's complaint, the Honorable Chief District Judge Andrew P. Gordon gave Plaintiff until February 23, 2026, to send his USM-285 forms to the United States Marshal's Service ("USMS") for service on the Defendants. (ECF No. 20). On March 9, 2026, Plaintiff moved for a thirty-day extension of this deadline and for the Court to send him new USM-285 forms, explaining that he mailed the forms on February 4, 2026, but learned after the fact that the Northern Nevada Correctional Center law library had provided him with the wrong address for the USMS. In the alternative, Plaintiff asks that the Court "order the clerk to serve upon defendants by (e-file) [sic] summons and all relevant documents as defendants all share the same place of business as law enforcement officer[s] with (LVMPD) [sic]…" On April 22, 2026, Plaintiff filed a "notice to the Court" of his pending motion for extension. (ECF No. 25). Due to a recent update to the manner in which the Court may request that LVMPD waive service on behalf of its employees, the Court grants Plaintiff's motion in part and denies it in part.

It is the plaintiff's responsibility, not the court's, to effectuate service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (overruled on other grounds) (finding that, although an incarcerated litigant is entitled to rely on the United States Marshal's Service for service, the

litigant must provide the marshals with sufficient information to effectuate service); *see Farrugia v. Lockyer*, No. 1:08-cv-00053-OWW-YNP PC, 2010 WL 583660, at *1 (E.D. Cal. Feb. 16, 2010) (explaining that the court "cannot force a party to waive service"). However, courts must construe *pro se filings* liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And "plaintiffs should not be denied their day in court because of a technical oversight…" *Mwithiga v. Pierce*, 758 F.Supp.3d 1230, 1240 (D. Nev. 2024).

Here, Plaintiff appears to ask the Court to order LVMPD to accept service on behalf of Szukiewicz, Davis, Acda, Jensen, and Acosta. The Court cannot force LVMPD to accept service on behalf of these Defendants. However, the Court has recently obtained an address to which it may send requests that personal service on LVMPD and its employees be waived under Federal Rule of Civil Procedure 4(d). Given this recent development, the Court will serve an electronic copy of this order and Plaintiff's operative complaint on LVMPD. This does not indicate acceptance of service for Szukiewicz, Davis, Acda, Jensen, and/or Acosta, but merely gives LVMPD the chance to accept service. The Court will further extend the deadline for service to ninety days from the date of this order. *See* Fed. R. Civ. P. 4(m).

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motion (ECF No. 24) is **granted in part and denied in part**. It is granted in part only to the extent that the Court will provide LVMPD an opportunity to accept service on behalf of Szukiewicz, Davis, Acda, Jensen, and Acosta. It is denied in all other respects as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to add the Las Vegas Metropolitan Police Department to the docket as an Interested Party and to add LVMPD's General Counsel[1] to the Interested Party on the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to electronically serve a copy of this order, the screening order regarding Plaintiff's first amended complaint (ECF No. 20), and of Plaintiff's first amended complaint (ECF No. 19) on LVMPD. This does not indicate acceptance of service.

**IT IS FURTHER ORDERED** that service must be perfected on or before **July 22, 2026**. *See* Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that on or before **May 14, 2026,** LVMPD shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom LVMPD cannot accept service, LVMPD will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it

---

[1] The information for LVMPD's General Counsel is as follows:

Matthew J. Christian, Esq.

Assistant General Counsel

Las Vegas Metropolitan Police Department

400 S. Martin Luther King Blvd., Bldg. B

Las Vegas, NV 89106

(702) 828-3310

M16091C@lvmpd.com

has such information.  If the last known address of the defendant(s) is a post office box, LVMPD will attempt to obtain and provide the last known physical address(es).

**IT IS FURTHER ORDERED** that if LVMPD cannot accept service for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of summons, and specifying a full name and address for the defendant(s).  If LVMPD has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

**IT IS FURTHER ORDERED** that if LVMPD accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 19) on or before **June 22, 2026**.  *See* Fed. R. Civ. P. 4(d)(3).

DATED: April 23, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE